# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.

**MARK ANTHONY BROWN,**

    **Defendant.**

Case No. 2:16-cr-95
**CHIEF JUDGE EDMUND A. SARGUS, JR.**

## OPINION AND ORDER

This matter is before the Court on an objection that Defendant Mark Anthony Brown raises regarding his presentence investigation report ("PSR") and the Government's Sentencing Memorandum [ECF No. 60]. (Resp. to Gov't Sentencing Mem. at 1–4 [ECF No. 61].) Defendant objects to the application of a sentencing enhancement under 21 U.S.C. § 844(a) applicable to individuals convicted of possessing a controlled substance after having been convicted of a prior drug-related crime. (*See id.*) For the following reasons, and for those reasons stated on the record during the sentencing hearing in this matter, Defendant's objection is **OVERRULED**.

### I.

On April 28, 2016, Defendant was indicted for possessing 2 live rounds of 9mm ammunition and a Bryco arms model 25-CA, 25 caliber pistol, loaded with 4 live rounds of ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Indictment at 1 [ECF No. 1].) Defendant was also indicted under 18 U.S.C. § 924(d)(1), which mandates the forfeiture of the firearms and ammunition involved in the alleged offense: the Bryco arms pistol and ammunition as well as a Hi Point model C-9, 9mm pistol, loaded with 2 live rounds of 9mm ammunition. (*Id.* at 2.)

The Government filed a Superseding Indictment against Defendant on October 6, 2016. The Government added two counts to its original indictment: (i) possession of two rounds of 9mm ammunition in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2) and (ii) knowing and intentional possession with intent to distribute a mixture of substance containing a measurable amount of cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). (Superseding Indictment at 2 [ECF No. 29].)

The case proceeded to trial on November 3, 2016. During the jury charging conference, Defendant requested that the Court submit a lesser included offense to the jury: possession of cocaine base in violation of 21 U.S.C. § 844(a). The Government objected the inclusion of the lesser included offense. The Court overruled the objection and added the charge to the jury instructions and verdict forms.

The jury returned a verdict on November 7, 2016. The jury found Defendant not guilty of (Count 1) possessing a firearm, .25 caliber ammunition, or both; not guilty of (Count 2) possessing 9mm ammunition; not guilty of (Count 3) possessing with intent to distribute cocaine base; and guilty of the lesser included offense of possessing cocaine base. (Verdict Forms at 1–4 [ECF No. 52].)

Section 844(a), which prohibits possession of controlled substances such as cocaine base, provides for statutory sentencing enhancements when an offender has prior convictions for a drug-related offense:

> Any person who violates this subsection may be sentenced to a term of imprisonment of not more than 1 year, and shall be fined a minimum of $1,000, or both, *except that if he commits such offense after a prior conviction under this subchapter or subchapter II, or a prior conviction for any drug, narcotic, or chemical offense chargeable under the law of any State, has become final, he shall be sentenced to a term of imprisonment for not less than 15 days but not more than 2 years, and shall be fined a minimum of $2,500,* except, further, that if he commits such offense after two or more convictions under this subchapter or

> subchapter II, or two or more prior convictions for any drug, narcotic, or chemical offense chargeable under the law of any State, or a combination of two or more such offense have become final, he shall be sentenced to a term of imprisonment for not less than 90 days but not more than 3 years, and shall be fined a minimum of $5,000.

21 U.S.C. § 844(a) (emphasis added). A separate statutory provision, however, limits a court's ability to impose an enhanced sentence under § 844(a). Under 21 U.S.C. § 851(a)(1):

> No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, *unless before trial, or before entry of a plea of guilty, the United States attorney files an information* with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

(emphasis added).

In advance of Defendant's sentencing hearing, the parties each filed a sentencing memorandum. Defendant argued in his memorandum that his possession of cocaine base, in violation of § 844(a), subjects him to no more than one year of imprisonment given that the Government did not file an information regarding his prior convictions as required under § 851(a)(1). (*See* Resp. to Gov't Sentencing Mem. at 2–4 [ECF No. 61].)

In its arguments to the Court, the Government took the position that Defendant can be subjected to an enhanced sentence under § 844(a) (i.e., incarceration of not less than 15 days but not more than 2 years) because Defendant had actual notice, via the Superseding Indictment, that one of his prior drug-related convictions might be used to enhance his sentence. (*See* Gov't Sentencing Mem. at 1–3 [ECF No. 60].)[1] Count 1 of the Superseding Indictment stated in relevant part:

> [T]he defendant, Mark Anthony Brown, having been convicted of at least one crime punishable by imprisonment for a term exceeding one year, that is: on or

---

[1] The PSR proposes that Defendant can be subjected to incarceration of not less than 90 days but not more than 3 years given that Defendant has been convicted of two or more drug-related offenses. (*See* Resp. to Gov't Sentencing Mem. at 3.) The Government, however, has not asked the Court to adopt this position.

3

about February 15, 2011, in the Franklin County Court of Common Pleas, Trafficking in Crack Cocaine, in case number 10CR-07-4161; . . . did knowingly and unlawfully possess [a] firearm and ammunition that had previously traveled in interstate commerce . . . .

(Superseding Indictment at 1 [ECF No. 29] (emphasis deleted).)[2]

## II.

The Court held Defendant's sentencing hearing on April 27, 2017. The Court questioned the parties on their positions, analyzed the issue, and ultimately determined, as explained on the record and further elucidated below, that § 844(a)'s sentencing enhancement, for one prior drug-related conviction, applies to Defendant.

The situation here is not entirely analogous to any cases on § 851(a)(1) previously decided by the Sixth Circuit. Prior cases have involved situations where the government filed an information under § 851(a)(1) and the defendant then challenged the adequacy of the information because, for example, it was filed late or it failed to include certain content. *See, e.g., United States v. Odeneal*, 517 F.3d 406, 415 (6th Cir. 2008) (explaining that although "[t]he 'Notice' . . . was not titled an 'information,' . . . that does not render the notice inadequate"); *United States v. Melton*, 239 F. App'x 192, 193–94 (6th Cir. 2007) (concluding that the government's information met the requirements of § 851(a)(1) even though it did not contain an express statement of the government's intent to rely on the prior convictions to enhance the defendant's sentence); *United States v. Pritchett*, 496 F.3d 537, 539–40 (6th Cir. 2007) (concluding that the government satisfied the requirements of § 851(a)(1) where the government filed its information shortly after the defendant entered a guilty plea). Here, by contrast, the Government did not file a § 851(a)(1) information—not even belatedly.

---

[2] In Count 2 of the Superseding Indictment, the Government again referenced Defendant's February 15, 2011 conviction for Trafficking in Crack Cocaine. (Superseding Indictment at 2.)

4

This is not to say, though, that previous cases on § 851(a)(1) do not provide important guidance on how the Court should resolve the present objection.

The Sixth Circuit has stated that "the requirements delineated in section 851(a)(1) are mandatory and that a district court cannot enhance a defendant's sentence based on a prior conviction unless the government satisfies them." *Pritchett*, 496 F.3d at 548. But as that court has also explained, it is "well-settled precedent in this Circuit and its sister circuits that section 851 'was designed to satisfy the requirements of due process and provide the defendant with reasonable notice and an opportunity to be heard regarding the possibility of an enhanced sentence for recidivism.'" *Id.* (quoting *United States v. King*, 127 F.3d 483, 489 (6th Cir. 1997) (internal quotation marks omitted)); *see also United States v. Boudreau*, 564 F.3d 431, 437 (6th Cir. 2009) ("[W]e have regularly held that actual notice satisfies the requirements of Section 851(a)."). Indeed, the Sixth Circuit has indicated that fulfilling due process requirements is "the central purpose" of § 851. *United States v. Soto*, 8 F. App'x 535, 539 (6th Cir. 2001). And the Sixth Circuit has, moreover, emphasized "'the importance of interpreting § 851's notice requirements so as to avoid elevating form over substance.'" *Pritchett*, 496 F.3d at 548 (quoting *United States v. Layne*, 192 F.3d 556, 576 (6th Cir. 1999) (internal quotation marks omitted)).

A focus on form rather than substance would likely lead to the unreasonable conclusion that the Government could not have complied with § 851(a)(1) in this case even if it had filed an information as early as possible. That is, the Government could not have filed an information before trial, as required under § 851(a)(1), because the § 844(a) possession count was only added to the case during the jury charging conference, which was held after the start of trial.

5

A focus on form rather than substance might also lead to the conclusion that because the Government did not file—even after the start of the trial—an information regarding Defendant's prior convictions, the Court cannot give Defendant an enhanced sentence under § 844(a).

However, in line with Sixth Circuit precedent, the Court eschews an overly technical interpretation of § 851(a)(1) and looks instead to whether Defendant had reasonable notice and an opportunity to be heard regarding the possibility of an enhanced sentence. Under that analysis, the Government has complied with § 851(a)(1)'s requirements.

Defendant had reasonable notice that the Government might use one of his prior drug-related convictions to enhance his sentence. As noted above, the Superseding Indictment—filed on October 6, 2016, before the start of the trial—explicitly alleged that Defendant had been convicted in the Franklin County Court of Common Pleas of Trafficking in Crack Cocaine. (Superseding Indictment at 1–2 [ECF No. 29].) Defendant, moreover, has had ample opportunity to be heard regarding the possibility of an enhanced sentence. Defendant acknowledges that he has known about the intention to pursue enhanced penalties since at least the filing of the probation officer's initial PSR. (*See* Resp. to Gov't Sentencing Mem. at 3 [ECF No. 61].) Since that time, Defendant has filed a well-reasoned Response to the Government's Sentencing Memorandum in which Defendant contends that the § 844(a) sentencing enhancement should not apply to him given the Government's failure to comply with § 851(a)(1). (*Id.* at 2–4.) Defense counsel also adroitly argued during the April 27 sentencing hearing against the application of the enhancement. Under these circumstances, where Defendant had reasonable notice of the prior conviction that might enhance his sentence and where Defendant does not challenge the existence or drug-related nature of the prior conviction, Defendant's due process rights have been satisfied, and the Government has adequately met the requirements of § 851(a)(1).

6

## III.

For these reasons, and for the reasons stated on the record during the April 27, 2017 sentencing hearing, the Court concludes that the § 844(a) sentencing enhancement, for one prior drug-related conviction, applies to Defendant. Accordingly, Defendant's objection to the application of the enhancement is **OVERRULED**.

**IT IS SO ORDERED.**

5-10-2017
**DATE**

**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**